UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH JONATHAN JAMES,<br><br>    Defendant. | CASE NO.  CR00-272-JCC<br><br>SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

An evidentiary hearing on supervised release revocation in this case was scheduled before me on August 25, 2010. The United States was represented by AUSA Marci I. Ellsworth. The defendant waived his right to counsel and asserted his right to represent himself, which request was granted. The proceedings were digitally recorded.

Defendant had been sentenced on or about August 23, 2001 by the Honorable John C. Coughenour on a charge of Second Degree Murder within Indian Country, and sentenced to 108 months custody, 5 years supervised release. (Dkt. 101, 116.)

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from possessing a firearm, submit to mandatory drug testing, participate in a substance abuse program, abstain from alcohol, submit to search,

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

01  participate in a mental health program, provide financial information to his probation officer upon
02  request, maintain a single checking account for all financial transactions, disclose all business
03  interests to his probation officer, disclose all assets and liabilities, not possess any identification
04  documents in any but his true identity, not associate with known gang members, and be
05  prohibited from entering the Lummi Indian Reservation without authorization if his membership
06  is abolished and he is excluded from the reservation.

07       On May 23, 2008, defendant admitted violating the conditions of supervised release by
08  failing to report a change in residence and failing to report to the probation officer as instructed.
09  (Dkt. 126). Defendant was sentenced to time served. (Dkt. 130.)  On July 17, 2008, defendant's
10  probation officer reported that defendant had testified positive for cocaine.  No action was
11  recommended at the time. (Dkt. 131.)

12       On October 3, 2008, defendant admitted violating the conditions of supervised release by
13  consuming alcohol on two occasions, and failing to participate as instructed in the home
14  confinement program with electronic monitoring.  Judge Donohue recommended that defendant
15  be found to have further violated the conditions of supervised release by committing the crime
16  of assault and battery third degree, as alleged. (Dkt. 142.) Defendant was sentenced to five
17  months in custody, to run consecutive with the sentenced imposed by the tribal court, followed
18  by 50 months supervised release including 180 months home confinement.  (Dkt. 146.)

19       In an evidentiary hearing held on May 24, 2010, defendant was found to have violated
20  the conditions of supervised release by failing to report a change in residence.  (Dkt. 159.)
21  Defendant was sentenced to five months in custody, followed by 180 days in a halfway house.
22  (Dkt. 161.)

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -2

In an application dated August 10, 2010 (Dkt. 162, 163), U.S. Probation Officer Jerrod Akins alleged the following violation of the conditions of supervised release:

1. Failing to report to the U.S. Probation Office within 72 hours of his release, in violation of the general condition that he report to the probation office within 72 hours of release from the custody of the Bureau of Prisons.

Defendant was advised in full as to the charge and as to his constitutional rights. He waived his right to counsel and asserted his right to represent himself. His waiver was found to be knowing, intelligent and voluntary, and the request was granted.

An evidentiary hearing was conducted, consisting of the testimony of U.S. Probation Officer Jerrod Akins and the defendant. Mr. Akins testified that defendant knew he was required to contact his probation officer upon his release from Bureau of Prisons custody on August 6, 2010 but did not do so. Defendant's release plan indicated that he would be residing at an address on Balen Road in Bellingham, but the address did not exist. Defendant's contact phone number was that of his grandparents, but when contacted they said they did not know defendant's whereabouts. Undoubtedly influenced by defendant's previous failures to abide by the conditions of supervised release, Mr. Akins asked for a warrant to be issued, pursuant to which the defendant was arrested.

Defendant testified, indicating that he correctly listed his proposed residence address as Bal<u>ch</u> Road in Bellingham, but the address was apparently misread by the probation office as Bal<u>en</u> Road. He testified that he knew he was required to reside in a halfway house upon his release from BOP custody. He did report to the halfway house where he had previously been in residence, but the manager of that facility told him that he was not scheduled to report there.

01 Defendant called Mr. Akins on two occasions, leaving voice mail messages both times. He made
02 alternative arrangements to reside with a friend in Bellingham, and began a job search. Shortly
03 thereafter he was arrested.

04     I find that the government has not established by a preponderance of the evidence that the
05 defendant violated the conditions of supervised release by failing to report to his probation officer
06 within 72 hours of release from the custody of BOP. Defendant indicated that he attempted to
07 contact Mr. Akins and left two voice mail messages for him. He testified that he attempted to
08 report to the halfway house, but was not admitted. Although Mr. Akins testified that defendant
09 did not contact him upon his discharge from BOP custody, I find the evidence in equipoise on
10 this issue, and, therefore, the government has not borne its burden of proof.

11     I therefore recommend the Court find defendant has not violated his supervised release
12 as alleged. At defendant's request, Mr. Hurvitz will be appointed on a stand-by basis to assist
13 him at the next hearing, set before Judge Coughenour.

14     Pending a final determination by the Court, defendant has been released on the conditions
15 of supervision.

16     DATED this 27th day of August, 2010.

17
18                             Mary Alice Theiler
                            United States Magistrate Judge
19

20
21 cc:   District Judge:          Honorable John C. Coughenour
        AUSA:                 Marci I. Ellsworth
        Defendant's attorney:    Ralph Hurvitz
22      Probation officer:       Jerrod Akins

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -4