UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>          v.<br><br>JOSEPH J. JAMES,<br><br>                Defendant. | Case No. CR00-272 JCC<br><br>**PROPOSED FINDINGS OF FACT AND DETERMINATION AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE** |

INTRODUCTION

I conducted a hearing on alleged violations of supervised release in this case on January 13, 2011. The defendant appeared pursuant to a summons/warrant issued in this case. The United States was represented by Jeffrey Backhus, and defendant was represented by Ralph Hurvitz. Also present was U.S. Probation Officer Jerrod Akins. The proceedings were digitally recorded.

SENTENCE AND PRIOR ACTION

Defendant was originally sentenced on August 23, 2001 by the Honorable John C. Coughenour for Second Degree Murder within Indian Country. He received 108 months detention and 5 years of supervised release.

On March 10, 2008, a violation report and request for warrant was submitted to the Court reporting that Mr. James had violated his conditions by failing to report a change in residence

PROPOSED FINDINGS OF FACT AND DETERMINATION AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE - 1

and failing to report to the U.S. probation Office as instructed. On June 20, 2008 Mr. James was sentenced to time served (30 days) and a 59 month term of supervised release, with the added condition of 180 days of electronic home monitoring.

On July 17, 2008, a report on offender under supervision was submitted to the Court after Mr. James admitted to consuming cocaine. No action was recommended and was approved by the Court on July 21, 2008.

On August 1, 2008, a violation report and request for warrant was submitted to the Court reporting that Mr. James had violated his conditions of supervised release by consuming alcohol and failing to participate as instructed in the electronic home monitoring program. On August 8, 2008, a supplemental violation report was submitted alleging that Mr. James had further violated his conditions of supervised release by consuming alcohol and committing the crime of assault and battery. Mr. James was sentenced on October 31, 2008, to serve five months detention followed by 50 months of supervised release.

On April 16, 2009, a violation report and request for warrant was submitted to the Court alleging that Mr. James had violated his conditions of supervised release by failing to report a change in residence. On June 18, 2010, the Court sentenced Mr. James to serve five months detention followed by 45months of supervised release with the added conditions of 180 days in a residential reentry center ("RRC") and 180 days of electronic home monitoring. Mr. James was released from custody on August 6, 2010 to begin his fourth term of supervised release.

On August 10, 2010, a violation report and arrest for warrant was submitted to the Court after Mr. James failed to report within 72 hours of release from custody. On September 3, 2010, Mr. James appeared before the Court and was continued on his current term of supervised release.

PROPOSED FINDINGS OF FACT AND DETERMINATION AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE - 2

PRESENTLY ALLEGED VIOLATIONS

In a petition dated September 30, 2010 and a supplemental petition dated January 5, 2011, U.S. Probation Officer Jerrod Akins alleged that defendant violated the following conditions of supervised release:

1. Failing to complete 180 days in a RRC, in violation of the special condition that he reside in and satisfactorily participate in a RRC as a condition of supervised release for up to 180 days.

2. Committing the crime of Malicious Mischief 3rd degree (Domestic Violence), in violation of the general condition that he not commit another federal, state, or local crime.

3. Possessing marijuana on December 18, 2010, in violation of standard condition no. 7.

4. Consuming alcohol on December 18, 2010, in violation of the special condition that he refrain from the use of alcohol during the period of supervision.

FINDINGS FOLLOWING EVIDENTIARY HEARING

Defendant admitted to violations 1, 3, and 4.  The government withdrew violation 2. Defendant waived any hearing as to whether the violations occurred, and was informed the matter would be set for a disposition hearing on February 4, 2011 at 9:00 a.m. before District Judge John C. Coughenour.

RECOMMENDED FINDINGS AND CONCLUSIONS

Based upon the foregoing, I recommend the court find that defendant has violated the conditions of his supervised release as alleged above, and conduct a disposition hearing.

DATED this 13th day of January, 2011.

                                      BRIAN A. TSUCHIDA
                                      United States Magistrate Judge